IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PETE JENSEN | § | |
| v. | § | CIVIL ACTION NO. 9:11cv156 |
| SGT. NORTH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Pete Jensen, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Jensen named Sgt. North, Warden Bell, and Nurse Roberts.

In his complaint, Jensen says that at 9:00 a.m. on July 4, 2011, Sgt. North called him to the lieutenant's office and asked about a grievance which Jensen had filed. Jensen said that it was from being locked up with a new cell mate. North then locked him in administrative segregation with no fan or mattress although the temperature was 106 with a heat index of 113. He says that he had to be taken to the clinic for breathing problems.

At the clinic, Jensen says that Nurse Roberts said that he needed an asthma inhaler and a fan. Officer English called North and told him what Roberts had said. A day and a half later, after Jensen had suffered "extreme heat with no ventilation, no water, no toilet paper," an officer named Patrick brought his personal property.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Jensen had previously filed at least three lawsuits or appeals which had been

1

dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus is barred from proceeding *in forma pauperis*; instead, Jensen must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical injury. Because Jensen did neither of these, the Magistrate Judge recommended that Jensen's *in forma pauperis* status be revoked and that the lawsuit be dismissed.

Jensen filed objections to the Magistrate Judge's Report on May 31, 2012. In his objections, Jensen says first that the Magistrate Judge has the incorrect date of July 4, rather than August 4, 2011. Jensen's complaint says that the incident occurred on "7-4-11," which is July 4, 2011.[1] This discrepancy has no bearing on the outcome of the case.

Jensen next contends that his life and health were put in danger when he was put in a cell without proper living conditions. As the Magistrate Judge observed, however, a prisoner seeking to invoke the "imminent danger" exception to 28 U.S.C. §1915(g) must show that he is in such danger at the time of the filing of the complaint; allegations of past harms or past dangers do not suffice. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In this case, assuming Jensen's assertion that the incident was in August rather than July is correct, Jensen is still complaining about a past harm; he says that he was put in a cell on August 4, without his property, including a fan and a mattress, and was later taken to the clinic; a day and a half later, his property was brought to him. He has offered nothing to show that he was in imminent danger of serious physical injury on August 9, the date that he signed the complaint. McGrew v. Louisiana State Penitentiary Mental Health Department, slip op. no. 11-30953, 2012 L 181415 (5th Cir., January 24, 2012) (allegation of imminent danger due to exposure to heat and harsh living conditions at the time of the filing of the complaint in district court was not enough to show imminent danger for purposes of proceeding *in forma pauperis* on appeal); *see also* Hyder v.

---

[1] Although Jensen says in his complaint that he has exhausted both steps of the TDCJ grievance procedure, he signed his complaint on August 9, 2011; he fails to explain how, if the incident occurred on August 4, 2011, he was able to file a Step One grievance, get a response to this grievance, file a Step Two appeal, and get a response to his appeal, all in a span of five days.

Obama, civil action no. 5:11cv26, 2011 WL 1113496 (E.D. Tex., March 24, 2011, no appeal taken) (vague and conclusory allegations of imminent danger are not sufficient); Valdez v. Bush, civil action no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008) (same).

Jensen further argues that he has the right to file a lawsuit in court and that his history of filing lawsuits does not have any bearing on this case. In fact, his history of filing frivolous lawsuits bears upon his right to proceed under the *in forma pauperis* statute, not his right to bring suit. The Fifth Circuit has explained that 28 U.S.C. §1915(g) does not block prisoners from filing civil rights lawsuits, but merely from seeking *in forma pauperis* status to do so. Carson v. Johnson, 112 F.3d 818 (5th Cir. 1997); *see also* Adepegba v. Hammons, 103 F.3d 383, 386-87 (5th Cir. 1996) (stating that Section 1915(g) does not affect a prisoner's substantive rights and does not block his access to court; a prisoner may still pursue any claim, but must do so without the aid of the *in forma pauperis* procedure).

Finally, Jensen argues that the fact that Sgt. North works for TDCJ does not give the officer the right to break federal laws, and that the Court should consider the fact that he, Jensen, has "tried to meet all legal filings as prescribed by law." As the Magistrate Judge correctly determined, Jensen is subject to the three-strikes provision of 28 U.S.C. §1915(g), and he failed to show that he was in imminent danger of serious physical injury as of the time that he filed the complaint, on August 9, 2012. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (Congress intended the "imminent danger" exception as a safety valve to prevent impending harms, not those which had already occurred; consequently, allegations that a prisoner was sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," did not sufficiently allege imminent danger so as to trigger the statutory exception). Jensen's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review,

the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status be and hereby is REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **29** day of **June, 2012.**

_____
Ron Clark, United States District Judge